1814.

RADLEY
v.
SHAVER.

### RADLEY AND OTHERS *against* SHAVER AND OTHERS.

A regular decree on the merits cannot be set aside on *motion;* and it seems that where it is sought to set aside a decree on the ground of surprise and irregularity, the course is to apply by *petition.*

THIS was a motion to vacate the decree entered in this cause, and all proceedings subsequent to the 17th of *December,* 1800.

It appeared from the affidavits, which were read, that the bill was filed on the 8th of *March,* 1799, and the answer put in on the 2d of *September,* 1799. The solicitor of the defendants received a copy of the rule to produce witnesses, in *January,* 1801, and the plaintiffs' solicitor consented, after the rule had expired, that the defendants should produce their witnesses. And, after the rule for publication was passed, in 1814, the plaintiffs' solicitor consented that he should examine witnesses. The proceedings, on the part of the plaintiffs, were perfectly regular. The cause was brought to a hearing, pursuant to regular notice, in *August,* 1813, and a decree pronounced in *December* following. There were, also, affidavits of merits on the part of the defendants, and it

appeared that his solicitor had been very negligent in his cause.

*Van Vechten*, for the plaintiff.

*P. W. Yates*, for the defendant.

THE CHANCELLOR. A regular decree on the merits cannot be set aside upon motion. The case in 1 *Ves.* jun. 93. is to this point; and there is no irregularity in this case charged on one side, but what is denied on the other. Nothing appears but the grossest neglect of duty, by the defendant's solicitor, and a regular, but most indulgent conduct on the part of the solicitor for the plaintiffs. The examination of witnesses after publication had passed, was at the instance, and with the consent of the defendant's solicitor, and as a special indulgence to him. From the case of *Floyd* v. *Nangle*, (3 *Atk.* 568.,) it seems that the course to set aside a decree, for surprise and irregularity, is by petition; but here is no irregularity to be admitted; for every act complained of, and proved, was by the consent and solicitation of the defendant's solicitor, and he is concluded from setting it up as irregular. It would appear that the defendant has been almost deserted by the person to whom he entrusted his defence, and that the merits of this case ought to be looked into; but this is not the mode. I should apprehend, that a petition for a rehearing would be the proper course, but on this I do not pretend to decide. It is sufficient that here is a decree regularly obtained, but not yet perfected, and that it is not to be discharged upon motion.

Motion denied, with costs.