## THROCKMORTON *v.* STOUT AND DEVIN.

When a complainant in chancery has obtained his decree, he has a right to sup-
pose the proceedings ended, and is no longer in court.

An application to set aside a decree in equity, and grant a rehearing, must be
made by petition, with notice to the complainant, according to the regular
course of chancery proceedings.

Where at the April term, 1855, of the Marion District Court, a decree in chan-
cery was rendered in favor of the complainant; and where at the February
term, 1856, of the same court—after two terms of court had intervened—one
of the respondents, without notice to the complainant, filed a motion or pe-
tition to set aside the decree, and grant a rehearing, on the ground of the
absence of the attorney of such respondent, which application was not sworn
to, or supported by testimony, and which application was sustained, the de-
cree set aside, and a rehearing granted, at the costs of the complainant; and
where the order of the court on the application, did not state any reason for
setting aside the decree, which decree was regular upon its face; the order
setting aside the decree, and opening the cause for a rehearing, was annulled,
and the decree originally entered, ordered to stand in full force.

*Appeal from the Marion District Court.*

A FINAL decree was rendered in this cause, at the April
term of the District Court of Marion county, 1855, in favor
of the complainant. At the February term, 1856, on mo-
tion of the defendant Devin, the decree was set aside, and a
rehearing granted, at the costs of the complainant, such
rehearing to take place at next ensuing term. To this order
setting aside the decree, and setting down the cause for
rehearing, the complainant excepted, and appeals to this
court.

*J. E. Neal,* for the appellant.

*Knapp & Caldwell,* and *W. H. Seevers,* for the appellee.

STOCKTON, J.[1]—It appears from the record, that two

---

[1] WRIGHT, C. J., having been of counsel, took no part in the determination
of this cause.

terms of the District Court of Marion county, had intervened between the time of rendering the decree, and the time of setting it aside. The order of the court, setting aside the decree, does not state for what reason it was set aside, and it is only from the motion of defendants, that we gather that the defendant's attorney failed to attend to the suit, but whether such failure was occasioned by absence, sickness, or other inability, is not stated, and is in no wise made to appear. The motion was unsupported by testimony, and was not even verified by the oath of the party in whose favor it was granted, as to the truth of the facts stated.

The decree itself was regular on its face, and was made with due notice to the defendants, and they both appeared to the suit by their attorney. It would undoubtedly introduce great confusion and uncertainty into the administration of justice, if this court should sanction the proceedings of the District Court in this case. Parties would never know when there was to be an end of litigation—they would never know when their rights were secure—if, at a year's interval—after two terms of court have intervened—the defendants can be permitted to come into court, and without any cause shown, upon a mere motion, and without notice to the other party, have a decree entered against them set aside, and the cause re-opened for new testimony and a new trial. There is no precedent for any such proceeding. When the plaintiff had obtained his decree, he had a right to suppose the proceedings ended, and he was no longer in court, unless regularly notified that an application was made to set aside the decree and grant a rehearing, on petition and notice, according to the regular course of chancery proceeding. *Radley* v. *Shaver*, 1 Johns. Ch. 200 ; *Bennett* v. *Winter*, 2 Ib. 205.

The order of the District Court setting aside the decree, and opening the cause for rehearing, is annulled, and the decree originally entered, ordered to stand in full force.